UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS W. JOHNSON ET AL., | No.  2:20-cv-0614-JAM-KJN (PS) |
| Plaintiffs, | ORDER AND FINDINGS AND RECOMMENDATIONS |
| v. | (ECF Nos. 2, 5, 7, 12) |
| KENT K. JOHNSON, | |
| Defendant. | |

This is a case originally filed in the El Dorado County Superior Court for partition of real property which is jointly owned by the parties.  Defendant, proceeding pro se, removed to this court and requested permission to file electronically.  (ECF No. 2.).[1]  (ECF No. 1.)  Plaintiffs moved to remand, arguing lack of jurisdiction, and requested an award for the attorneys' fees and costs for defendant's unreasonable removal.  (ECF No. 5.)  Defendant opposed remand, also requested certain Superior Court judges be joined to this action.  (ECF Nos. 7, 12)

The undersigned recommends:  (1) the case be remanded to the El Dorado County Superior Court, as subject matter jurisdiction is lacking; (2) plaintiffs be awarded attorneys' fees and costs; and (3) defendants other motions be denied as moot.  The court also denies defendant's request to permit him to file electronically, finding no good cause to do so.

---

[1] This matter is referred to the undersigned pursuant to Local Rule 302(c)(19) for the entry of findings and recommendations.  See 28 U.S.C. § 636(b)(1)(B).

1

I.     BACKGROUND AND PARTIES' ARGUMENTS

On August 1, 2018, plaintiffs Curtis Johnson and Ross Johnson filed a complaint in the Superior Court in El Dorado County, seeking partition of a property commonly owned with their brother, defendant Kent Johnson.  (See ECF No. 1 at 287-89.)  The property in question, located in El Dorado County, was previously owned by the parties' father, William Van Dyke Johnson.  (ECF No. 1 at 287-88, 320-28; 5 at 2).  Upon their father's death in 2016, the property was passed into trust, and the brothers each acquired a 1/3 interest as tenants in common.  (Id.)  Plaintiffs allege that, despite the parties' joint ownership, defendant has exclusively occupied the property and has prevented plaintiffs from using it.  (ECF No. 1 at 288.)  Plaintiffs requested a partition of the property by sale rather than by division (which they claim would be inequitable and unfeasible in this case).  (See ECF No. 1 at 288-89.)  Defendant claims plaintiffs filed their complaint for an "improper purpose, primary to harass [him]."  (ECF No. 1 at 2.)  He argues the partition will negatively affect his business operation, which he apparently operates out of the property.  (See id. at 4-5.)

The case's progress in state court is convoluted because, since its inception, defendant has filed many motions against plaintiffs and their attorneys.  (See, e.g., ECF No. 1 ¶¶ 3-9) (claiming that plaintiffs' attorneys are committing malpractice and fraudulent appearance in state court because they are not registered with the California Secretary of State); (Id. at ¶ 23-29) (referencing a motion for leave to file a compulsory cross-complaint that was denied by the Superior Court judge and subsequently denied for review upon appeal to the California Court of Appeal and State Supreme Court).  Relevant here, defendant claims he filed a "Motion for Amendment to a Pleading, incorporating additional claims that were discovered during litigation and addressing the denial of [defendant's] US Constitutional 14th Amendment due process and equal protection rights . . . ."  (Id. at ¶ 31.)  This amended filing, he claims, "makes this matter ripe for removal to the Federal Court."  (Id.)  In the notice of removal, which defendant filed on March 30, 2020, he  asserts 31 new "claims, counterclaims, and cross-claims."  (See id. at 1, 6-7.)

On March 30, 2020, plaintiffs filed a motion to remand.  (ECF No. 5.)  Plaintiffs aver that at the time defendant filed his Notice of Removal, "[d]espite not having any pending claims to

1  amend, on March 20, 2020, [d]efendant filed a [] Motion for Amendment to a Pleading with the
2  El Dorado County Superior Court." Plaintiffs claim that "[d]efendant wrongfully attempts to use
3  his Motion to Amend as a misguided means to remove [p]laintiff's state-court partition action to
4  federal district court." Primarily, plaintiffs argue that defendant's removal is untimely (as they
5  filed their partition action in August of 2018), and the court is without subject matter jurisdiction
6  (as this is a simple partition action, so no federal question exists, and defendant is "local," thus
7  obviating diversity jurisdiction). Plaintiffs also request that defendant pay attorneys' fees and
8  costs in relation to this matter because "the Notice of Removal is unreasonable, without any legal
9  foundation, and unnecessarily further delays [p]laintiffs' partition action . . . ."

10  In the three weeks that followed, defendant filed multiple motions with the court. On
11  March 20, defendant requested leave to file electronically. (ECF No. 2.) On April 1, defendant
12  filed a "Response to Motion in Limine and Motion for Required Joinder of Parties," despite there
13  being no pending motions in limine. (ECF No. 7.) On April 14, defendant filed an opposition to
14  plaintiff's motion to remand, as well as a "Motion for required joinder of parties," and set the
15  latter motion for a May 15, 2020 hearing. (ECF Nos. 11, 12.) Defendant's opposition argues that
16  because it was filed within 30 days of his motion to amend, and the motion to amend states eleven
17  counterclaims based on provisions of federal law, his removal was timely and the federal
18  questions provide for subject matter jurisdiction. (ECF No. 7.) He also appears to argue diversity
19  jurisdiction exists because the property is worth more than $75,000, and "[p]laintiff Curtis is from
20  Washington State, [p]laintiff Ross is from Nevada, and the sole [d]efendant, Kent, is from
21  California." (Id. at 8.) Defendant's joinder motion(s) also appear to assert that a number of
22  Superior Court judges should be added as defendants to his counterclaims. (ECF No. 7 at 10-13;
23  ECF No. 12.) Finally, defendant's April 1 filing appears to offer opposition arguments to various
24  motions in limine. (ECF No. 7 at 3-9.)

25  **II.     DISCUSSION**

26  Despite the procedural complexities presented by the various motions filed in both state
27  and federal court, the legal question before the court now is rather straightforward—whether this
28  court has subject matter jurisdiction to support removal.

3

**Legal Standard – Removal and Remand**

Pursuant to 28 U.S.C. § 1441(a), the "removal statute," a defendant may remove a case to federal court if the plaintiff could have filed the action in federal court initially. 28 U.S.C. § 1441(a); Ethridge v. Harbor House Restaurant, 861 F.2d 1389, 1393 (9th Cir. 1988). However, federal courts are courts of limited jurisdiction, and therefore the removal statute is strictly construed against removal. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) The party seeking removal bears the burden of establishing federal jurisdiction. Id. A notice of removal is to contain a short and plain statement of the grounds for removal. 28 U.S.C. § 1446(a). Removal is to be noticed "within 30 days of receipt of the initial pleading," or, in cases of diversity jurisdiction, within "one year after commencement of the action." 28 U.S.C. § 1446(b), (c).

Filing a motion to remand is the proper way to challenge removal. Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009). While a district court may remand a case for lack of subject-matter jurisdiction sua sponte and at any time, a court may only remand a case based on defect in removal procedure upon the timely filing of a motion to remand. 28 U.S.C. § 1447(c).

**Analysis**

**A. Federal jurisdiction does not lie based on any federal question.**

District courts have federal question jurisdiction over "all civil actions that arise under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" Republican Party of Guam v. Gutierrez, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 8-9 (1983)). "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1091 (9th Cir. 2009); see also Ultramar v. Dwelle, 900 F.2d 1412, 1414 (9th Cir. 1990) ("[T]he existence of federal question jurisdiction is determined from the face of the complaint.").

"In determining the existence of removal jurisdiction based upon a federal question, the court must look to the complaint as of the time the removal petition was filed. Jurisdiction is based on the complaint as originally filed . . . ." Abada v. Charles Schwab & Co., 300 F.3d 1112, 1117 (9th Cir. 2002) (citations omitted). This inquiry must be "unaided by the answer or by the petition for removal," and cannot "rest upon an actual or anticipated counterclaim." Gully v. First Nat'l Bank, 299 U.S. 109, 113 (1936); Vaden v. Discover Bank, 556 U.S. 49, 60 (2009).

Here, plaintiffs filed their complaint in the El Dorado County Superior Court asserting a single claim for partition of real property premised solely on California law. Because a claim for partition of real property does not by itself present a federal question or necessarily turn on the construction of federal law, no basis for federal question jurisdiction appears on the face of the complaint. See, e.g., Bartlett v. Patera, 2016 U.S. Dist. LEXIS 92390, at *4 (N.D. Cal. July 15, 2016) (finding that a state law action for partition of real property does not present federal question jurisdiction); Cardinalli v. Superior Court, 2013 U.S. Dist. LEXIS 160687, at *3 (N.D. Cal. Nov. 7, 2013) (same).

Defendant attempts removal pursuant to federal question jurisdiction based on the 31 counter-claims and cross-claims raised in his notice of remand, as well as those purportedly raised in a motion filed in Superior Court. Even assuming these counterclaims had been filed, a cross-complaint cannot be the basis for removal as the inquiry requires that removal be premised solely on plaintiffs' complaint filed in state court. See Vanden, 556 U.S. at 59-61 (discussing how the underlying complaint in state court is the only legally operative pleading for removal and that any anticipated or actual counter-claim asserted by defendant cannot provide a basis for removal under federal question jurisdiction); see also Takeda v. Nw. Nat'l Life Ins. Co., 765 F.2d 815, 821-22 (9th Cir. 1985) (holding that removal based on federal question jurisdiction must be premised solely on the plaintiff's complaint, despite the presence of any counter-claim that may present a federal question).

Thus, removal premised on federal question jurisdiction pursuant to 28 U.S.C. § 1331 is unwarranted.

///

5

**B. The "forum defendant rule" bars removal of this action based on diversity.**

Defendant's Notice of Removal claims that the court has diversity jurisdiction over this action, as under 28 U.S.C. § 1332(a), because of the amount in controversy and the existence of complete diversity of citizenship among the parties. It appears the property in question was appraised at $475,000 in 2017, thereby satisfying the statutory minimum amount in controversy, and appears there is complete diversity between plaintiffs and defendant. (See ECF No. 7 at 8) (alleging "[p]laintiff Curtis is from Washington State, [p]laintiff Ross is from Nevada, and the sole [d]efendant, Kent, is from California.") Despite this assertion, removal to federal district court based on diversity is precluded here.

Pursuant to 28 U.S.C. § 1441(b)(2), "[a] civil action otherwise removable solely on the basis of the jurisdiction under [28 U.S.C. § 1332(a)] . . . may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." The Ninth Circuit has characterized this prohibition as the "forum defendant rule"; pursuant to this rule, "the presence of a local defendant at the time removal is sought bars removal." Spencer v. U.S. Dist. Court for N. Dist. of Cal., 393 F.3d 867, 870 (9th Cir. 2004); accord Lively v. Wild Oats Market, Inc., 456 F.3d 933, 939 (9th Cir. 2006). Here, defendant represents that he is a citizen and resident of California. (See ECF No. 1 at 9.) Defendant is a citizen of California, and the U.S. District Court for the Eastern District of California is a court located in California. Thus, diversity jurisdiction is barred by the forum defendant rule. See Bank of N.Y. Mellon v. Flores, 2012 U.S. Dist. LEXIS 76626, at *15-16 (E.D. Cal. June 1, 2012) (finding that a defendant's removal to the Eastern District of California was improper pursuant to the "forum defendant rule" where defendant was a citizen of the state of California and therefore a local defendant).

**C. Plaintiffs should be awarded attorneys' fees and costs.**

In their motion to remand, plaintiffs request an award of attorneys' fees and costs under 28 U.S.C. § 1447(c). Plaintiffs argue that such an order would be appropriate because "[d]efendant's removal is frivolous, unreasonable, and without foundation." Further, plaintiffs claim that defendant's removal is a "waste of the [c]ourt's time and limited resources" because

6

1  "[d]efendants's Notice of Removal blatantly distorts [p]laintiffs' underlying action in state court,
2  and intentionally ignores that [d]efendant does not have claims to amend in state court."
3  Defendant does not explicitly respond to this argument, but based on his vigorous defense in
4  support of removal, alongside his request for sanctions against plaintiffs, the court assumes he
5  opposes any award of fees and costs.

6  "An order remanding the case may require payment of just costs and any actual expenses,
7  including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). However,
8  there is no presumption in favor of awarding attorneys' fees under this provision. See Martin v.
9  Franklin Capital Corp., 546 U.S. 132, 136-41 (2005). Instead, the inquiry turns on the objective
10  reasonableness of defendant's removal. Id. at 141; see Lussier v. Dollar Tree Stores, Inc., 518
11  F.3d 1062, 1065 (9th Cir. 2008) (finding that "removal is not objectively unreasonable solely
12  because the removing party's arguments lack merit, or else attorney's fees would always be
13  awarded whenever remand is granted.").

14  In cases involving improper removal by pro se defendants, courts afford significant weight
15  to the defendant's lack of representation. See, e.g., OneWest Bank, FSB v. Mohr, 2010 U.S. Dist.
16  LEXIS 79535 (N.D. Cal. July 7, 2010) (declining to award fees despite untimely removal and the
17  fact that it would have been "readily apparent" to an attorney that removal lacked merit); see also
18  HSBC Bank USA, N.A. v. Bryant, 2009 U.S. Dist. LEXIS 104684, at *5 (S.D. Cal. Nov. 10,
19  2009) ("Although pro se litigants must follow the same rules of procedure that govern other
20  litigants, they are held to less stringent standards with regard to their pleadings than attorneys.").
21  Based on this rationale, defendant, acting pro se, may have believed when he filed his motion to
22  remove that his case could be removed to federal court, indicating an award may be unjust.

23  However, when the court vacated the hearing on this matter, it informed defendant that it
24  noted "significant issues with defendant's removal." (See ECF No. 6 at fn. 1, filed April 1,
25  2020.) Instead, plaintiff's subsequent filings over the next two weeks asserted multiple frivolous
26  arguments, including his assertion of irrelevant facts concerning the 'shelter in place' order, his
27  lodging of conspiratorial allegations against Superior Court judges, his request for joinder of
28  those judges as defendants in his counterclaims, and his argument that the court should levy

7

sanctions against *plaintiffs* for filing a motion to remand—despite clear authority and sound legal analysis supporting plaintiff's request.  What is clear from defendant's filings is that his purpose in removing is to prolong this litigation and impose unwarranted costs on plaintiffs—who have not only had to move for remand but who would also have to respond to defendant's motion for joinder.[2]  Thus, the court finds defendant's attempt at removal to be objectively unreasonable, and recommends an award of fees under 28 U.S.C. § 1447(c).  Martin, 546 U.S. at 141; see Moore v. Permanente Med. Grp., Inc., 981 F.2d 443, 447 (9th Cir. 1992) (noting an award under Section 1447(c) may be awarded even where the removal was "fairly supportable"); see also Pac. Mar. Ass'n v. Mead, 246 F. Supp. 2d 1087, 1093 (N.D. Cal. 2003) (awarding fees after remand where the removal was abusive, caused unnecessary expense, and was generally harassing); Braco v. MCI Worldcom Commc'ns, Inc., 138 F. Supp. 2d 1260, 1270 (C.D. Cal. 2001) (awarding fees under Section 1447(c) where the clear weight of authority indicated a lack of subject matter jurisdiction).

In plaintiffs' reply, counsel maintains that he worked 18 hours on defendant's motion, and asserts his hourly rate is $320.  Counsel also asserts he spent $60 in costs.  The undersigned finds counsel's rate and hours to be reasonable for the Eastern District of California, and finds the hours spent to be reasonable.  Thus, the court recommends awarding $5820 in attorneys' fees and costs under 28 U.S.C. § 1447(c).

**ORDER**

Accordingly, it is HEREBY ORDERED that defendant's request to file electronically (ECF No. 2) is DENIED.

**RECOMMENDATIONS**

For the reasons stated above, it is HEREBY RECOMMENDED that:

1. Plaintiffs' motion to remand (ECF No. 5) be GRANTED;
2. Plaintiffs' request for attorneys' fees and costs (ECF No. 5) be GRANTED, and plaintiffs be awarded $5,820;

---

[2] To minimize the fees and time spent, the court has filed these findings and recommendations prior to the time when any opposition brief is due for the joinder motion.

8

    3. Defendant's motion for joinder (ECF Nos. 7, 12) be DENIED AS MOOT; and

    4. This case be REMANDED to the Superior Court of the State of California, County of El Dorado.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: April 24, 2020

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

John.0614